UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| ANDREA K. SAVIDGE, et al., | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. 3:17-CV-186-CHB |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND** |
| PHARM-SAVE, INC., | ) **ORDER** |
| | ) |
| Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Pharm-Save Inc.'s Motion for Summary Judgment, [R. 110]. Plaintiffs Andrea Savidge and Beth Lynch filed a response, [R. 113], and Defendant replied, [R. 116]. This matter is now ripe for a decision. For the following reasons, the Court denies Defendant's Motion for Summary Judgment.

**I.    BACKGROUND**

As stated by Defendant Pharm-Save Inc., a plaintiff could not recover damages for a broken arm in a lawsuit for a negligent appendectomy.[R. 116, p. 5]. But could they recover damages for future complications from the negligent appendectomy? Recognizing this distinction is fundamental to understanding the issue at hand. At its core, this matter concerns the basic principle that damages are only available for cognizable injuries.

Plaintiffs Andrea Savidge and Beth Lynch were employees of Pharm-Save from 2013 to 2015 and 2013 to 2014, respectively. [R. 1–1, p. 3, ¶¶ 7–8]. On March 3, 2016, after Plaintiffs' employment had ended, Plaintiffs' "sensitive and personal information contained in their Form W-2 Wage and Tax Statement(s) was compromised via a data security breach . . . ." *Id*. at 4, ¶ 11. This data breach occurred when Pharm-Save fell victim to a phishing scheme perpetrated by cybercriminals. *Id*. at 7, ¶ 21. According to the Complaint, one or more Pharm-Save

employees released Plaintiffs' personally identifiable information ("PII") to cybercriminals posing as company executives. *Id*. Pharm-Save notified affected employees, including Lynch and Savidge. *Id.* at 7–8, ¶ 24.

In 2017, Plaintiffs sued Pharm-Save and Neil Medical Group, Inc. in Kentucky state court, alleging several causes of action related to the theft of their PII. [R. 1, p. 2]. Defendants timely removed the action to this Court, [R. 1], and simultaneously filed a motion to dismiss, [R. 5]. The Court's order ("2017 Order") granted in part and denied in part, leaving only two live claims: negligence and breach of implied contract. [R. 26, p. 27]. Further, it denied without prejudice Defendants' motion to dismiss Neil Medical Group, Inc. for lacking personal jurisdiction. *Id*. And also granted Plaintiffs' motion for leave to file an amended complaint. *Id*. at 28.

Plaintiffs filed an amended complaint that advanced four new legal theories centered on Pharm-Save's alleged mishandling of Plaintiffs' PII. [R. 27]. Pharm-Save moved to dismiss all the new counts pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [R. 30]. The Court granted Pharm-Save's motion. [R. 72].

Following limited discovery, Neil Medical Group renewed its motion to dismiss for lack of personal jurisdiction, [R. 51], which the Court granted in 2019, [R. 69].

Pharm-Save now requests the Court grant summary judgment in its favor on all claims asserted against it by Plaintiffs involving the speculative increased risk of future harm. [R. 110]. According to its Motion, "this Court explicitly rejected Plaintiffs' increased risk of future harm damages claim over three years ago . . . ." *Id.* at 1. Plaintiffs responded, [R. 113]. Pharm-Save replied, [R. 116]. Ultimately, Pharm-Save's motion and the subsequent responses raise two questions: (1) Does the law-of-the-case doctrine apply to the Court's 2017 order; and (2) if so,

2

did the Court's 2017 Order reject Plaintiffs' attempt to recover damages for an increased risk of future harm. The Court will address each question in turn.

## II. STANDARD OF REVIEW

Summary judgment is proper if the moving party "shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact . . . ." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986) (the relevant question is "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").The plaintiff must present more than a "mere scintilla of evidence" in support of their position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *Hartsel*, 87 F.3d at 799. Mere speculation also will not suffice to defeat a motion for summary judgment. *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996) (citations omitted), *abrogated on other grounds by Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012).

Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Rule 56 of the Federal Rules of Procedure. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993) *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

### III. ANALYSIS

Considering the first issue, the Court sees no reason to depart from its 2017 Order. Under the law-of-the-case doctrine, "findings made at one stage in the litigation should not be reconsidered at subsequent stages of that same litigation." *Burley v. Gagacki*, 834 F.3d 606, 618 (6th Cir. 2016) (citations omitted). The doctrine dictates that "issues, once decided, should be reopened only in extraordinary circumstances." *Hayden v. Rhode Island*, 13 F.App'x. 301, 302 (6th Cir. 2001) (citations omitted). Consistency and judicial economy are its key policy principles. *See Edmonds v. Smith*, 922 F.3d 737, 740 (6th Cir. 2019). Absent a finding of abuse of discretion, the Court's application of the law-of-the-case doctrine will not be overturned on appeal. *Pac. Emps. Ins. Co. v. Sav-a-Lot of Winchester*, 291 F.3d 392, 398 (6th Cir. 2002) (citations omitted). The Court does not know of, nor has either party provided, an extraordinary circumstance that would warrant a deviation from Judge Russell's well-reasoned order.

Pharm-Save believes the application of the law-of-the-case doctrine settles this matter. According to its Motion for Summary Judgment, the Court's 2017 Order "explicitly rejected Plaintiffs' speculative attempt to recover damages for an increased risk of future harm." [R. 110–1, p. 4]. Plaintiffs disagree arguing that the Court's 2017 order concerned injuries, not damages. [R. 113, p. 4]. The issue is one of nuance and turns on the breadth of the Court's 2017 Order. Though Pharm-Save, at times, strikes the right key, it ultimately confuses the lyrics.

The 2017 Order distinguished potentially cognizable injuries from non-cognizable injuries to determine if the Plaintiffs' sufficiently pleaded a negligence cause of action to survive Defendants' 12(b)(6) Motion to Dismiss. [R. 26, p. 7–12]. Under Kentucky law, a common-law negligence cause of action "requires proof of (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) *injury to the plaintiff*, and (4) legal causation between the defendant's

breach and plaintiff's injury." *Wright v. House of Imports, Inc.,* 381 S.W.3d 209, 213 (Ky. 2012) (citations omitted) (emphasis added). "A cause of action does not exist until the conduct causes *injury that produces loss or damage.*" *Saylor v. Hall, Ky.*, 497 S.W.2d 218, 225 (Ky. 1973) (emphasis added). The Court's 2017 Order examined Plaintiffs' pleadings and stated:

> The Court agrees that Plaintiffs' allegations about heightened risks and the possibility of future harm are insufficient. Kentucky law is clear that "[a] cause of action does not exist until the conduct causes *injury that produces loss or damage.*" *Capital Holding Corp.* v. Bailey, 873 S.W.2d 187, 192 (Ky. 1994) (emphasis added) . . . . [T]his Court has previously held that "an increased threat of an injury that may never materialize cannot satisfy the injury requirement" for damages under Kentucky law. *Holmes v. Countrywide Fin. Corp.*, No. 5:08–CV–00205–R, 2012 WL 2873892, at *6 (W.D. Ky. July 12, 2012) (Russel, J.). Similarly, federal courts deciding data breach cases have held that a risk of future harm is insufficient to plead cognizable injury. *See Krottner v. Starbucks Corp.*, 406 F.App'x. 129, 131 (9th Cir. 2010) ("The alleged injuries here stem from the danger of future harm. Even Shamasa, the only plaintiff who claims his personal information has been misused, alleges no loss related to the attempt to open a bank account in his name."). Therefore, Plaintiffs' allegations regarding future harm they may suffer are insufficient.

[R. 26, p. 7]. This language is clear: a speculative increased risk of harm does not constitute a cognizable injury. Thus, Pharm-Save is correct that the potential misuse of Plaintiffs PII by cybercriminals could not sustain a negligence cause of action.

Nonetheless, negligence is a remaining live claim demonstrating that not all of Plaintiffs' alleged injuries were non-cognizable. The Court found that Plaintiffs' "plead sufficient information to . . . draw the reasonable inference that their alleged [out-of-pocket] expenses were incurred justifiably and therefore may be compensable under a negligence theory." *Id.* at 12. Stated differently, Plaintiffs' reasonably incurred out-of-pocket expenses constitute a cognizable injury. Thus, the pertinent issue is whether Plaintiffs can recover damages for the increased risk of future harm that may occur from the result of this cognizable injury.

Under Kentucky law, a plaintiff has a "right to compensation for an injury causing an increased risk of future harm . . . ." *Capital Holding Corp. v. Bailey*, 873 S.W.2d 187, 193 (Ky.

5

1994) (citing *Davis v. Graviss*, 672 S.W.2d 928, 930 (Ky. 1984) *abrogated on other grounds by Sand Hill Energy, Inc. v. Ford Motor Co.*, 83 S.W.3d 483 (Ky. 2002)). In *Davis*, the Kentucky Supreme Court held a plaintiff who has suffered an injury because of a tortfeasor's negligence may recover for the increased risk of future harm that might result from that injury. 672 S.W.2d at 930. Pursuant to Kentucky case law, the term "injury" means the damage or loss that flowed from an actionable wrong. *Deutsch v. Shein*, 597 S.W.2d 141, 145 (Ky. 1980), *abrogated on other grounds by Osborne v. Keeney*, 399 S.W.3d 1 (Ky. 2012). This definition is not restricted to physical injuries. *See Bocook v. Ashland Oil, Inc.*, 819 F.Supp. 530, 537 (S.D. W. Va. 1993) (examining Kentucky case law and holding that the term "injury" does not always mean "present, demonstrable *physical* injury") (emphasis added). Pursuant to this case law, federal courts, including this Court, have broadly held that future costs arising from a realized injury are recoverable if there is an evidentiary basis for the jury's award. *See Smith v. Ehticon, Inc.*, No. 6:20–CV–222–REW–HAI, 2021 WL 4098408, at *13 (E.D. Ky. Sept. 2, 2021); *Maiden v. DeGroote*, No. CIV.A. 4:04CV–84, 2007 WL 2318881, at *1 (W.D. Ky. Aug. 10, 2007); *Brooks v. Caterpillar Glob. Mining Am., LLC*, No. 4:14CV–00022–JHM, 2016 WL 3680861, at *4 (W.D. Ky. July 7, 2016).

      Pharm-Save turns to *Kemper v. Gordon*, 272 S.W.3d 146 (Ky. 2008), to dispute the application of *Davis*. [R. 116, p. 4]. However, the *Kemper* court recognized the same distinction elucidated here. "In [*Davis*], the jury was allowed to consider the probability of future medical problems as it related to damages—not liability—for future mental suffering." *Kemper*, 272 S.W.3d at 150. Further, *Kemper*'s holding concerned the "lost or diminished" chance doctrine. *Id.* at 149. By pointing to *Kemper*, Pharm-Save fails to properly rebut *Davis*'s broad proposition that a jury may consider the future risk of harm for a realized injury.

Importantly, the Court is not saying Kentucky law recognizes a separate claim for "increased likelihood of future harm." *See Smith v. Windstream Commc'ns, Inc.*, No. Civ. 11–272–GFVT, 2013 WL 3233488, at *2 (E.D. Ky. June 25, 2013); *Rainer v. Union Carbide Corp.*, 402 F.3d 608, 619 (6th Cir. 2005) (reviewing Kentucky case law and explaining that a cause of action does not develop until actual harm is realized). Rather, "increased likelihood of future harm is a consideration if and when a jury decides to award *damages* for an injury caused by the defendant's conduct." *Id*. (emphasis added). This right is limited to realized injuries and the Plaintiffs must produce substantial evidence of probative value to support it. *Capital Holding*, 873 S.W.2d at 193–95; *Nance v. Wal-Mart Stores, Inc.*, No. Civ. 5:10–CV–00061–R, 2011 WL 3361338, at *2 (W.D. Ky. Aug. 4, 2011) (explaining that the plaintiff has the burden of providing "substantial evidence of probative value" before a jury "may consider and compensate for the increased likelihood of future complications").

Notwithstanding, this right is narrow following the Court's 2017 Order, which dismissed practically all of Plaintiffs' alleged injuries except those dealing with reasonably incurred out-of-pocket expenses. [R. 26, p. 11–12]. The Court need not decide at this juncture whether Plaintiffs have demonstrated or proven that they have actually suffered such injury as a matter of law, and if so, whether they have met the evidentiary threshold for potential future risk of harm. Instead, it is sufficient to note that *if* Plaintiffs prove such injury *and* satisfy the evidentiary threshold, they may have a right under Kentucky law for a jury to consider if the enhanced risk of future out of pocket expenses requires compensation. *See Davis*, 672 S.W.2d at 930.

**CONCLUSION**

Pursuant to the law-of-the-case doctrine, the Court's 2017 Order dictates this Court's decision. In that order, the Court did not broadly bar, in opposition of Kentucky law, a right to compensation for an increased risk of harm. Plaintiffs may not seek damages for non-cognizable

7

injuries, but may pursue damages for future risk of harm for any cognizable injuries suffered if the required evidentiary burden is met.

Accordingly, it is **HEREBY ORDERED** as follows:

1. Defendant's Motion for Summary Judgment [R. 110] is **DENIED**.

This the 8th day of November 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY